UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERNANNY T. CLAVERIA and RURI DOROTEA CLAVERIA,<br><br>              Plaintiffs,<br>vs.<br><br>WELLS FARGO HOME MORTGAGE, INC., et al.,<br><br>              Defendants. | Case No.: 2:10-cv-01694-GMN-LRL<br><br>**ORDER** |

      Before the Court is Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss (ECF No. 22). Plaintiffs have not filed a Response. For the reasons that follow, the Motion to Dismiss at (ECF No. 22) will be GRANTED. Plaintiffs' Complaint will be dismissed without prejudice with respect to Defendant Federal Home Loan Mortgage Corporation.

**I.   BACKGROUND**

      Plaintiffs' Complaint alleges a series of causes of action based on the alleged wrongful foreclosure of their home by Defendants.

      Defendant Federal Home Loan Mortgage Corporation filed its Motion to Dismiss (ECF No. 22) on March 25, 2011. Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen (14) days after service of the Motion to file a Response; therefore, Plaintiff had until April 11, 2011 to file a Response. However, on April 14, 2011, which was three days after that deadline expired, the parties submitted a Stipulation for an Extension of Time (ECF No. 24) for Plaintiffs to file their Response. The Court granted that stipulation (ECF No. 25), and made the Response due on May 2, 2011. However, May 2, 2011 has passed and no Response

has been filed by Plaintiffs.

## II.   DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiffs' failure to respond to Defendant's Motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiffs because Plaintiffs have failed to file a timely Response, despite the Court granting them an extension of time in which to do so, thus calling into doubt whether Plaintiffs would have ever prosecuted the lawsuit to the merits.  These four factors outweigh factor (4) and, accordingly, Defendant's Motion to Dismiss (ECF No. 22) will be granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss (ECF No. 22) is **GRANTED**.  Plaintiffs' Complaint is **DISMISSED without prejudice** as to Defendant Federal Home Loan Mortgage Corporation.

DATED this 3rd day of May, 2011.

_____
Gloria M. Navarro
United States District Judge